**FIRST CHRISTIAN CHURCH OF TEMPLE, Appellant,**

v.

**Frank A. MOORE et al., Appellees.**

No. 10422.

Court of Civil Appeals of Texas.

Austin.

Nov. 14, 1956.

Rehearing Denied Dec. 5, 1956.

Skelton, Bowmer & Courtney, Temple, for appellant.

J. B. Talley, Temple, for appellee.

HUGHES, Justice.

This suit is brought for the purpose of construing the will of Caroline C. Pruitt, who died in Bell County, Texas, April 2, 1955.

Appellees, who were plaintiffs below, are Frank A. Moore and Rossie Harrell, executor and executrix, respectively, of such will.

Some, but not all, of the beneficiaries named in the will were made parties. Joined were (a) appellant, First Christian Church of Temple, (b) Juliette Fowler Homes, Dallas, (c) Lucy Oslin and (d) Mrs. Harry Rogers, named as residuary legatees in the will and about whose rights as such legatees this suit is solely concerned.

The record also shows that all provisions of testatrix' will have been complied with and that her estate has been fully administered except that a sum of cash constituting the residue of such estate has not been distributed to the residual legatees.

No question of parties has been raised and we make the above observations only in order that our opinion may reflect the basis upon which our jurisdiction is grounded. We believe all necessary parties to be before us.

By their pleading appellees propound one question:

"Has the First Christian Church of Temple the right to share equally with said Juliette Fowler Homes, Lucy Oslin and Mrs. Harry Rogers in the partition of the residue of the estate of said Caroline C. Pruitt, deceased."

Juliette Fowler Homes, Inc., answered by adopting the pleading of appellant which prayed for an affirmative answer to the inquiry tendered. Neither Lucy Oslin nor Mrs. Harry Rogers answered.

We now describe and set forth so much of the will as is required to understand the issue before us.

After making several specific devises and bequests the will, dated February 9, 1955, made the following provisions regarding the residue of the estate:

"All the residue of my estate of every kind, except the pictures, chairs, teapot and teacups above referred to, but subject to payment of all expenses of administration, all expenses incident to my last sickness and funeral, all of my debts, if any, all ad valorem taxes, if any, accrued thereon and to inheritance taxes due to the State of Texas, if any, I give, bequeath and devise in equal interests to:

"(a) First Christian Church, Temple, Texas, whose church building is at 314 North Fifth Street;

"(b) Juliette Fowler Homes, Dallas, Texas;

"(c) Lucy Oslin, my sister; and

"(d) Mrs. Harry Rogers, a resident of Rogers, Texas, a sister of J. B. Pruitt, my deceased husband."

On March 1, 1955, testatrix executed a codicil to her will which we quote in full:

"I give to the First Christian Church of Temple the sum of Five Hundred Dollars only instead of One Thousand Dollars as stated in said will; and give to the First Methodist Church of Temple, Texas, the sum of Five Hundred Dollars, the same to be used in its present building program.

"Also I give to my nephew William Moore Capps the sum of Five Thousand and no/100 Dollars.

"The gifts provided in this codicil are to be paid out of the residue of my

estate after the payment of other specific bequests are paid and before the residue of my estate is divided among my residuary legatees."

We now state a fact considered by appellees to be of paramount importance: No specific devise or bequest was made to appellant in the original will. It was only mentioned in and made a beneficiary by the residuary clause which we have previously quoted. The reference in the codicil to the $1,000 bequest "as stated in the will" was made through mistake of the testatrix.

The testimony of Mr. J. B. Talley, an attorney of Temple, Texas, explains how the mistake of testatrix, in all probability, occurred. Mr. Talley, who drew both the will and codicil, had drafted a will for testatrix, in accordance with her instructions, which did contain a $1,000 bequest to appellant and in which it was not mentioned in the residuary clause. This draft was not executed by testatrix and Mr. Talley was instructed by her to draw the will as it now appears. In this connection Mr. Talley testified:

"On February 6th or 7th, 1955, Mrs. Pruitt telephoned me, and said she wanted to make a change or some changes in her will, and asked me to go out to her home, which I did. She told me she had talked to her doctor, I think it was Dr. Kiel, and he had told her that she might live two or three years, but that it depended largely on her as to how long she lived. She also told me she did not know how much of her money, and so forth, that she might use up, and how much she would have left, and that she wanted to change her will or to change her gift to the First Christian Church of Temple, and give it one-fourth of the residue of her estate, instead of the One Thousand Dollars, which she previously told me she wanted to give it, and to give the residue of her estate to the First Christian Church, Temple,

Texas, Juliette Fowler Homes, Dallas, Texas, Lucy Oslin, her sister, and Mrs. Harry Rogers, a sister of her deceased husband, in equal interests.

"On the second succeeding day I rewrote her will and mailed it to her on February 8th, and she signed it before witnesses on February 9th."

When the codicil was drawn Mr. Talley failed, and so it seems did testatrix, to recall the change made from the previous draft to the will as executed.

The judgment of the trial court was that appellant was not entitled to share in the residue of the estate.

We cannot agree to this construction of the will.

We must construe the will and codicil together as if executed at the time of making the codicil and in such manner as to give effect to and, if possible, reconcile all of its provisions. Only when a provision of the will irreconcilably conflicts with one contained in the codicil does the latter control. 44 Tex.Jur. p. 715. Such conflicts having been thus settled it is then our duty to give effect and meaning to every part of the codicil and every remaining part of the original will. Cruse v. Reinhard, 208 S.W.2d 598, writ ref., N. R.E., Beaumont Court of Civil Appeals.

In Watson v. Lindsley, 2 S.W.2d 339, 341, El Paso Court of Civil Appeals, the will made a specific bequest of certain Liberty Bonds. By codicil it was provided that " 'my Liberty loan bonds are part of my estate.' " We quote the Court's language in holding that the specific bequest was not revoked by the codicil:

"It appears to be well settled, as concluded by the learned trial court, that a clear and specific bequest made in a will is not revoked by a subsequent provision in a codicil unless the intention to revoke appears either by express provision or necessary implication. Underhill on Wills, p. 251;

note to Re Sigel [213 Pa. 14, 62 A. 175], 1 L.R.A.(N.S.) 398; Bedford v. Bedford, 99 Ky. 273, 35 S.W. 926; Gardner on Wills, pp. 269, 270.

"It may be said, and with some reason, that the expression as to the Liberty loan bonds, taken with other bequests which were different from those theretofore made in the will, shows a change of intention as to the disposition of her property; but, in conformity with the rule above announced, we must conclude that such intention, if any there was, to alter the disposition of the Liberty loan bonds, is too vague and ambiguous to revoke the express grant of said bonds made to Mrs. Lindsley in the original will."

We quote a somewhat different but excellent statement of the same principle made in Jones' Unknown Heirs v. Dorchester, 224 S.W. 596, 601, Amarillo Court of Civil Appeals, writ dism.:

"Another well-recognized canon of construction applicable to this case is that a latter clause in a will must be deemed to affirm, not to contradict, an earlier clause if such construction can fairly be given. In short, a will is not to be read so as to contradict itself if its apparent contradictions can be reconciled by bringing the various clauses together and deducing a consistent interpretation from the whole context."

See also Heller v. Heller, 114 Tex. 401, 269 S.W. 771, Tex.Comm. of Appeals.

█ Analyzing the will and codicil in the light of these authorities and rules and the circumstances surrounding the execution of the will and codicil and continually bearing in mind that the goal we seek is to ascertain the intent of the testatrix we have concluded that the codicil does not conflict with and hence does not revoke the original will insofar as it made appellant a residuary legatee.

The provisions of the will making appellant a residuary legatee was inserted in the will by specific instructions of testatrix after changing her mind regarding a $1,000 bequest to appellant. This fact demonstrates a deliberate, conscious and intelligent preference by testatrix for the method by which the will provided that appellant should participate in her estate.

The codicil, instead of repudiating this preference, confirms it. In the mistaken belief that she had made a special bequest to appellant[1] she reduced it, thus again showing disfavor for this form of bequest for appellant. At the same time testatrix did not forget that her will contained a residual clause and that there were residuary legatees because both were mentioned.

Appellees would have us interpret the clause in the codicil "I give to the First Christian Church of Temple the sum of Five Hundred Dollars only instead of One Thousand Dollars as stated in said will" by, in effect, reducing it to "I give to the First Christian Church of Temple the sum of Five Hundred Dollars only." This language, they say, would repeal the residuary clause as to the church. This we need not determine because the sentence as written is complete and plain and we are wholly without authority to distort the composition of a will or any clause in it.

The plain meaning of the clause under discussion is that testatrix was reducing

1. In 57 American Jurisprudence, p. 717, it is stated that "In construing a will a court cannot correct a mistake made by the testator unless the mistake appears on the face of the instrument, and it also appears what would have been the will if the mistake had not occurred."

The mistake here does clearly appear on the face of the will but there is nothing to show what the will would have been as far as the residuary clause is concerned if the mistake had not been made.

the size of a bequest to the church from $1,000 to $500. That she was mistaken as to the $1,000 bequest might be of importance in determining the validity of the $500 bequest but it is foreign and not in any way related to the contents of the residuary clause in the will as to which her knowledge was seemingly complete.

We believe the Trial Court erred in denying appellant the rights of a residuary legatee under the will of testatrix. We establish such rights and render judgment accordingly.