# Sheetz's Appeal.

1. Testator devised $15,000 to his son with direction to pay $8000 to his grandson, $600 when he arrived at the age of twenty-one years and the remainder in six hundred dollar payments annually thereafter until paid; and to his granddaughter $7000 with same direction, "but in case it should happen that two of the above payments should become due in the same year only one shall be paid to the heir entitled thereto, so that said heirs are paid equally in payments as aforesaid." *Held,* that it was the intention of the testator that each heir should receive $600 annually.

2. While there is no doubt that of two contradictory clauses in a will the first must give way, and the last take effect, yet the two clauses must refer to the same subject-matter, and the last must be clearly inconsistent with the first. If the main provision plainly covers the whole subject, and is defined in terms that exclude all doubt, and the subsidiary provision may by conjecture be made either general or partial, and may be capable by construction either of subverting entirely or of modifying only the original gift, such subsidiary provision must in the ordinary case be confined to its partial and restricted operation.

3. The clearly-expressed purpose of a testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly announced main intention.

| | |
|---|---|
| 82 | 213 |
| 142 | 502 |
| 82 | 213 |
| 150 | 505 |
| 82 | 213 |
| 174 | 432 |
| 82 | 213 |
| 175 | 25 |
| 82 | 213 |
| 179 | 386 |
| 82 | 213 |
| 190 | 45 |
| 82 | 213 |
| 200 | 295 |
| 82 | 213 |
| 205 | 509 |
| 82 | 213 |
| 213 | 17 |
| 82 | 213 |
| d224 | 200 |
| f224 | 202 |

May 31st 1876.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS, J., absent.

Appeal from the Orphans' Court of *Berks county:* Of January Term 1876, No. 184.   Certified from Eastern District.

John Sheetz, Sr., made his will on the 25th of August 1868, and died on the 28th of January 1869, and the will having been duly proven, letters testamentary were granted to his son, John A. Sheetz.

The will contained the following devise, upon the interpretation of which the controversy in this case arose:—

"4. I give and devise unto my son, John A. Sheetz, the farm situated in Heidelberg township, and now in occupancy of the said John A. Sheetz, containing two hundred and thirty acres (more or less), together with all the improvements thereon, and all the right, title and water privileges belonging to said farm; to have and to hold the same in fee simple, at the valuation of Fifteen thousand dollars, and my said son, John A. Sheetz, shall pay no rent for the period he shall have occupied said farm, and all *monies* which I have paid heretofore unto my said John A. Sheetz, shall be null and void and no charge against him, and my son, John A. Sheetz, shall pay the said sum of Fifteen thousand dollars ($15,000), unto the heirs of Isaac K. Sheetz, in the following manner, to wit: (without interest) My *gran* son John Albert Sheetz, one of the heirs of my said Isaac K. Sheetz, shall receive Eight thousand dollars ($8000), to wit: Six hundred dollars ($600) when he arrives at the age of twenty-one years, and the remainder in six hundred dollars ($600) payments annually thereafter, without interest as aforesaid until paid; and my *gran dughter* Catharine E. Sheetz, one of the heirs of my said son Isaac K. Sheetz, shall receive Seven thousand dollars ($7000); six hundred dollars ($600) when she arrives at the age of twenty-one years, and the remainder in six hundred dollars ($600) payments annually thereafter without interest, together being the valuation money aforesaid for said farm. But in case it should happen that two of the above payments should become due in the same year, only one shall be paid to the heir entitled *too,* so that said heirs are paid equally in payments as aforesaid."

At the time the will was made, the devisee, John A. Sheetz, was about forty-eight years of age.   John Albert Sheetz, grandson of testator, arrived at the age of twenty-one years on 5th of July 1871, and in that year and the year following received the first and second payments of $600.   Catharine E. Sheetz, the sister of John Albert and granddaughter of testator, became twenty-one years of age on the 7th of January 1873, and received her first payment of $600.

On the 10th of January 1874, Catharine applied to John A. Sheetz for her second instalment, the payment of which was refused.

She then petitioned the court for a citation to issue to John

A. Sheetz, requiring him to pay her the second instalment of $600. The citation issued and John A. filed his answer, alleging that, under the will, a payment was not due Catharine at that date, and claiming that she was not entitled to a payment until January 7th 1875, and thereafter only every alternate year.

After two arguments in the court below, Hagenman, P. J., decided that Catharine was not entitled to $600 annually, but only in alternate years, and dismissed the petition at the costs of the petitioner.

From this decree of the court this appeal was taken.

*Daniel* and *James N. Ermentrout*, for appellants.—If the testator contemplated that the payments should be made as the construction of the court below would direct them, the devisee would not make the last payment until 1895, when he would be seventy-five years of age, which it is unreasonable to suppose was testator's intention. In construing a will even where the language admits of two constructions, one reasonable and natural, and the other capricious and inconvenient, courts of justice will lean towards the former as being what was probably intended. Plain and distinct words are only to be construed by words equally plain and distinct: 1 Redfield on Wills 438. Insensible clauses must be rejected: Hamm *v.* Meisenhelter, 9 Watts 349; Horwitz *v.* Norris, 10 P. F. Smith 287; McBride *v.* Smyth, 4 Id. 245. The object is to obtain the *expressed meaning* of the writer: Shore *v.* Wilson, 9 Cl. & F. 565; Doe & Brodbelt *v.* Thomson, 12 Moo. P. C. C. 116. The duty of the court is fairly to interpret the words used: Abbott *v.* Middleton, 7 H. L. C. 68; Hawkins on Wills 1, 2; Grey *v.* Pearson, 6 H. L. C. 61; Towns *v.* Wentworth, 11 Mo. P. C. C. 526. The expressed purpose of making this one payment is equality of number of payments. Alternate payments will not produce this equality, for John Albert still leads in the number of payments, he having received two payments. To carry out this purpose, you must interpret the clause that John Albert must not, on Catharine becoming of age, receive any payments until Catharine is paid an equal number of payments, then they will be paid equally, and from and after that time they will continue to be paid equally in payments of $600 as aforesaid, that is, annually.

*W. M.* and *C. G. Derr*, for appellees.—If we take the first clause of the will the intention of the testator is easily reached, which was that on arriving at age in 1871, and in 1872, John Albert should receive $600, and that in 1873, when Catharine arrived at twenty-one years of age, each should receive $600, making double what was paid in 1871 and 1872, and this payment of $1200 should continue until the year 1883, which would leave $400 unpaid to Catharine, and $200 to John to be paid in 1884. The testator, however, intended to change this mode of payment. He did not change the gross amount nor the sums to be paid; what then was the contemplated change? It must of necessity be a

change in the amount to be yearly paid by the devisee. The change was to be for the benefit of the devisee who was the chief object of testator's bounty. The qualifying clause, " *But in case it should happen,*" no doubt should read " *when it happens that two of the above payments* (viz., $600 payments) *become due in the same year*" (that is, when two payments of $600 each become payable as above provided in one year) " *only one* (viz., of $600) *shall be paid to the heir entitled.*" This event occurred in 1873, when Catharine became of age ; this was absolutely fixed by the former clause, at which time the devisee was to pay $600, being the first payment to each of the children, both of which could not occur in one and the same year ; John having already received his $600 when he became of age in 1871; therefore Catharine was the heir entitled to this payment in 1873, because it was the payment fixed by the will, which he did not intend to change.

Mr. Justice WOODWARD delivered the opinion of the court, October 9th 1876.

John Sheetz made his will on the 25th of August 1868, which, with two codicils requiring no present consideration, was proved on the 25th of February 1869. He devised a farm containing 230 acres, in Heidelberg township, in the county of Berks, to his son, John A. Sheetz, at a valuation of $15,000, which by the following words he directed the devisee to pay : " My said son John A. Sheetz shall pay the said sum of $15,000 unto the heirs of Isaac K. Sheetz, in the following manner, to wit: without interest, my grandson John Albert Sheetz, one of the heirs of my said (son) Isaac K. Sheetz, shall receive eight thousand dollars, to wit: six hundred dollars when he arrives at the age of twenty-one years, and the remainder in six hundred dollar payments annually thereafter, without interest as aforesaid until paid. And my granddaughter Catharine E. Sheetz, one of the heirs of my said son Isaac K. Sheetz, shall receive seven thousand dollars : six hundred dollars when she arrives at the age of twenty-one years, and the remainder in six hundred dollar payments annually thereafter, without interest : Together being the valuation money aforesaid for said farm." These bequests were followed immediately by this qualifying clause : " But in case it should happen that two of the above payments should become due in the same year, only one shall be paid to the heir entitled to, so that said heirs are paid equally in payments as aforesaid."

John Albert Sheetz arrived at the age of twenty-one years on the 5th of July 1871, and the payments directed by the will were made to him in that year and in 1872. Catharine E. Sheetz became of age on the 7th of January 1873, and received her first payment. At this point this controversy began. On the 10th of January 1874, a petition was presented to the Orphans' Court for a citation against John A. Sheetz, the devisee, requiring him to

pay an instalment of $600 for that year alleged to be due and payable to Catharine E. Sheetz. This demand was resisted under the clause in the will qualifying the bequests to the legatees, on the ground that a fair construction of the language of that clause made the instalments payable biennially to each legatee, each being entitled to receive $600 in every alternate year. The construction thus contended for was adopted by the Orphans' Court, and the petition was dismissed.

While there is no doubt that of two contradictory clauses in a will the first must give way, and the last must take effect, yet the two clauses must refer to the same subject-matter, and the last must be clearly inconsistent with the first. If the main provision plainly covers the whole subject, and is defined in terms that exclude all doubt, and the subsidiary provision may by conjecture be made either general or partial, and may be capable by construction either of subverting entirely or of modifying only the original gift, such a subsidiary provision must in the ordinary case be confined to its partial and restricted operation. It is said in 1 Redfield on Wills *438, that "plain and distinct words are only to be controlled by words equally plain and distinct." Such words, to have a controlling effect, must at least possess a definite and certain meaning. The clearly-expressed purpose of a testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly announced main intention.

Was it the design of John Sheetz in this will to give these legatees only $600 each in alternate years, thus extending the time for final payment to the year 1895? Such certainly was not the design as manifested by the words of obvious and unmistakable import used in making the bequests. Each legatee was to receive "six hundred dollars at the age of twenty-one years, and the remainder in six hundred dollar payments annually thereafter," and this direction the subsequent words did not in terms revoke or cancel. It must be by implication then, that the provisions for annual payments in the principal clause creating the bequests shall be converted into provisions for biennial payments under the operation of the qualifying clause. Are the terms broad enough to work so material a change? That is, does a necessary implication result from the words used? To warrant the application made of them by the Orphans' Court, and insisted on by the appellee's counsel, they must be incapable of any other legal, grammatical and rational construction.

The language of the restricting clause was English, but it was written by a German, and the expression employed was the English rendering of an idiomatic German phrase. "But in case it should happen"—that is, when the time arrives, or when it happens—"that two of the above payments should become due in the same year, only

[Sheetz's Appeal.]

one shall be paid to the heir entitled (to), so that said heirs are paid equally in payments as aforesaid." Two ideas were in the testator's mind. One of them had reference to the point of time, certain to arrive at Catharine's majority, when instalments to both legatees would become payable. The other had reference to the equality in the amounts to be received which he desired should subsist between them. "Only one shall be paid," was the language, "so that said heirs are paid equally." And this was to be "in case it should happen"—when—at the time it should happen, that an instalment should become payable to Catharine as well as to her brother. It was manifestly to make the sums paid to the two legatees equal out of the first four instalments that the clause was framed. With that view, Catharine was to receive her legacy for 1873 and 1874, and the payments to John Albert during those years were to be pretermitted. Thenceforth, the main bequests were to be undisturbed, and beginning with 1875, both legatees were to receive their annual instalments until the whole of both legacies should be satisfied.

It is true, under this construction, that after the payment of Catharine in full, two annual instalments will still remain due to John Albert. But the provision for securing equality between them was to have force when the payments to Catharine were to begin, and not when they were to end. The interpretation of the clause thus made adapts it to the time when it was to become operative, insures the equality which was the purpose declared to be in view, and while maintaining the symmetry of the main bequests, gives it ample, adequate and rational effect. The right of Catharine E. Sheetz to receive the instalment of 1874, to the exclusion of her brother, was conferred by the will of her grandfather, and ought to have been enforced by the Orphans' Court.

Decree reversed, and *procedendo* awarded.