## Frechie's Estate.

*Will—Codicils—Relation between will and codicil—Distribution of surplus of estate.*

Where a testator by his will after having made numerous devises and bequests to charities and to nephews and nieces by name, directs that if there should be any surplus, it should be divided among the persons (not charities) to whom he had given money legacies, in proportion to such legacies, and thereafter makes a codicil by which he gives money legacies to two grand-nieces, subject to ademption, but clear of the collateral tax, the grand-nieces mentioned in the codicil are not entitled to share with the nephews and nieces named in the will in the distribution of the surplus.

While a will and codicil together constitute the testament, they are not to be considered as a single instrument where the manifest purpose of the testator requires otherwise.

The clear provisions of a will are only affected by a codicil to the extent absolutely necessary to give effect to the codicil.

Argued Oct. 7, 1915.   Appeals, Nos. 299 and 300, Oct. T., 1914, by Sarah Pereyra Myers and Laura Pereyra,

from decree of O. C. Philadelphia Co., Jan. T., 1914, No. 554, dismissing exceptions to adjudication in Estate of Abraham M. Frechie, deceased. Before RICE, P. J., OR-LADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Abraham Frechie, the testator, died October 19, 1906, leaving a will dated January 19, 1905, and a single codicil dated January 15, 1906, wherein he devised his entire estate in trust for the benefit of his wife for life, and upon her death, to a number of charities and nephews and nieces.

The 17th item of his will disposed of the residuary estate, as follows:

"Item XVII. I feel assured that my estate will amply answer all the devises and bequests herein made, but if for any reason whatever there should be a deficiency of assets, then all the bequests herein shall proportionately abate, but not the devises of real estate,—they shall not be disturbed by any reason thereof, and it is not my intention to die intestate, as to any part of my estate, should it so happen that after providing for all the bequests aforesaid, there shall be a surplus, then I bequeath such surplus to all of the persons, (not Charities or Institutions) to whom I have herein bequeathed money legacies, to be parted and divided in proportion to the amounts of their respective legacies, so that they may severally increase to absorb the whole amount remaining."

By the codicil the testator provided for appellants as follows:

"I give and bequeath unto my Grand-nieces, the Misses Sarah and Laura Pereyra, daughters of Ernest Pereyra of the City of Philadelphia, the sum of Fifteen Hundred Dollars, each, subject to ademption, but clear and discharged of the Collateral Inheritance Tax."

The wife died December 15, 1913.   In his adjudication of the account filed after the death of the wife, the auditing judge, refused to permit appellants to share in the residuary estate.   His reasons were set out as follows:

"Nor are the testator's gifts by codicil to Sarah and Laura Pereyra, in the opinion of the auditing judge entitled to share in the surplus residuary estate.   The testator states that they are subject to ademption but does not state that they shall share in the surplus residue. Expressio unius est exclusio alterius.   And Item 17 of the will refers to bequests aforesaid."

Appellants filed exceptions which the court in banc subsequently dismissed.

*Errors assigned* were in dismissing exceptions to adjudication.

*Clarence .Loeb,* with him *Graham C. Woodward,* for appellants.—When the testator used the word "ademption" he meant "lapse": Fetrow's Est., 58 Pa. 424; Ridgeway v. Lanphear, 99 Ind. 251; Altdorfer's Est., 225 Pa. 136.

The codicil should be read as part of the will and the residuary clause at the end of the will and codicil: Bullock's Est., 7 Pa. C. C. R. 439; Hall v. Smith, 61 N. H. 144; Hamilton's Est., 74 Pa. 69; McGuire v. McGuire, 8 Sadler 177; Shalters v. Ladd, 163 Pa. 509; Cassidy's Est., 224 Pa. 199; Ketcham's Est., 22 Pa. D. R. 966; Hubbard v. Hubbard, 99 Ill. App. 555; Herzog v. Trust Co., 177 N. Y. 86; McKee's Est., 17 Pa. C. C. R. 548; Merkel's App., 109 Pa. 235; Wetter's App., 20 W. N. C. 499.

*George W. Harkins, Jr.,* for appellee, cited: Whelen's Est., 175 Pa. 23; Sheetz's App., 82 Pa. 213; Padelford's Est., 190 Pa. 35.

OPINION BY HENDERSON, J., March 1, 1916:

The testator by his will dated January 9, 1905, after having made numerous devises and bequests to certain public charities and to nephews and nieces named. as devisees or legatees made the following provision with reference to the residuary estate: "if for any reason whatever there should be a deficiency of assets, then all of the bequests herein made shall proportionately abate, but not the devises of real estate,—they shall not be disturbed by reason thereof, and as it is not my intention to die intestate as to any part of my estate, should it so happen that after providing for all the bequests aforesaid there shall be a surplus, then I bequeath such surplus to all of the persons (not charities or institutions) to whom I have herein bequeathed money legacies to be parted and divided in proportion to the amounts of the respective legacies, so that they may severally proportionately increase to absorb the whole amount remaining." About a year after this will was made the testator added a codicil, the material part of which is in the words following: "I give and bequeath unto by grandnieces, the Misses Sarah and Laura Pereyra, daughters of Ernest Pereyra, of the City of Philadelphia, the sum of fifteen hundred dollars, each, subject to ademption, but clear and discharged of the Collateral Inheritance Tax. In all other respects I confirm the provisions of my said will." At the settlement of the estate the amount of the personal estate for distribution exceeded the total amount of the legacies. There was, therefore, a fund to be disposed of under the 17th paragraph of the will. The appellants who were the legatees under the codicil claimed the right to participate in the distribution of the surplus in accordance with the provisions of the paragraph referred to. It is contended that the codicil should be read as part of the will and that the residuary clause is to be considered as if it was at the end of the will and codicil, and that when construed as thus related the appellants are included in the bequest

of the residuary estate. It is undoubtedly true as a general rule that a will and codicil are to be read together and that so read they constitute the testator's will, but the testament thus expressed is a different thing from the separate documents which evidence it. The will and the codicil are ordinarily made at different times and under different circumstances and the intention declared in the will may be different from that leading to the making of the codicil. While together they constitute the testament they are not to be considered as a single instrument where the manifest purpose of the testator requires otherwise. The document which the testator declared to be his will was deliberately and carefully prepared and exhibits a clear intention to dispose of the principal part of his estate among certain nephews and nieces who are named by him and to whom bequests varying in amount are made to be paid after the death of the testator's wife. Anticipating that there might be a surplus after the payment of the particular amounts bequeathed to each of the legatees and desiring to dispose of his whole estate the provision contained in the 17th paragraph is made. Reference is there had to the "bequests aforesaid" and appropriation is made of the surplus to all of the persons "to whom I have herein bequeathed money legacies to be parted and divided in proportion to the amounts of the respective legacies so that they may severally proportionately increase to absorb the whole amount remaining." There can be no doubt of the intention of the testator to give this surplus to the particular nephews and nieces named in the will. There were no other legatees in contemplation and the effect of the residuary disposal was the same as if he had named each of the legatees as a participant in the surplus. The language used avoided extensive repetition and as clearly identifies the persons intended to be benefited as if they had been individually named. The gifts were restricted to them and excluded all other persons. Unless, therefore,

the language of the codicil shows a clear intention so to do, it will not have the effect to cut them down. Doubtful language in the codicil is not sufficient to produce that effect. As was said in Sheetz's App., 82 Pa. 213, "The clearly-expressed purpose of a testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations." It is an established rule that a codicil will not disturb the dispositions of a will further than is necessary for the purpose of giving it effect: 1 Jarman on Wills, 160. The clear provisions of a will are only affected by a codicil to the extent absolutely necessary to give effect to the codicil. It is not a revocation except where it is inconsistent with it, or there are words of revocation, or a necessary implication. With the intention clearly expressed in the will as to the distribution of the surplus is there any inconsistent intention evident in the codicil? The gift there is of a particular amount to each of the legatees. They are not nephews and nieces as in the case of the gifts in the will and are therefore not in the same class. The father of these legatees is one of the beneficiaries named in the will and therefore shares in the surplus but we find in the codicil no indication of a purpose that these grandnieces should be put in the same class as the nephews and nieces or that they should have more than is definitely given to them by the words of the codicil. The legacies given in the will were subject to abatement and to the payment of collateral inheritance tax, while the bequests to the appellants relieved them from such reduction and in that respect they were specially considered but it would be, we think, an unjustifiable assumption that the testator intended to give them the money provided for in the will and to put them in the same class with the nephews and nieces in sharing the surplus. The omission to make any other direction in the codicil than that payment be made to the appellants of $1,500.00 each raises a legitimate inference that he limited his benevo-

lence with respect to them to that amount. We regard the case as fairly within the decision in Alsop's App., 9 Pa. 374, to which reference is made in the opinion of the learned judge of the Orphans' Court.

The decree is affirmed at the cost of the appellants.