## Baugh's Estate.

*Will—Codicil—Construction of will and codicil together—Presumption—Life estate—Widow.*

1. There is a presumption that a codicil is intended to make a change in the will, but the two must be construed together, and the codicil will not disturb the disposition of the original will further than is absolutely necessary for the purpose of giving it effect.

2. Where a will and codicil can be construed together without destroying either, it should be done.

3. Where a testator gives his whole estate to his wife "she to have the whole income thereof during her life," and, at her death, over; and by codicil directs that the widow "shall have the right to do as she may choose with my estate as devised to her," the widow's life estate under the will is not enlarged into a fee by the codicil.

4. In such case the original will gave the widow but a life estate, and the codicil gave her the right to do as she may choose, not with the estate in general, but with the estate devised to her in the will, and that was but a life estate.

Argued January 11, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal by Clara C. Brower et al., executrixes of will of Maria J. Baugh, deceased, from decree of O. C. Chester Co., of April 5, 1926, dismissing exceptions to auditor's report, in Estate of David R. Baugh, deceased. Affirmed.

Exceptions to report of E. W. Young, Esq., auditor. Before HAUSE, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Clara C. Brower et al., executrixes of will of Maria J. Baugh, deceased, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Daniel C. Donoghue,* with him *Harold R. McCowan,* for appellants.—The widow's interest was not a mere

life estate: Line's Est., 221 Pa. 374; Parker's App., 61 Pa. 478.

Appellants' position is not that the widow's power is limited to use and consumption. We contend that the language of the codicil gave the widow a general and unrestricted power of disposition—"the right to do as she may choose": Forsythe v. Forsythe, 108 Pa. 129; Dillon v. Fallon, 158 Pa. 468.

The widow of testator took a fee: Morrison v. Semple, 6 Binn. 94; Musselman's Est., 39 Pa. 469; Breeden v. Welker, 2 Tenn. Ch. App. 109; Boyle v. Boyle, 152 Pa. 108.

*John Haviland,* with him *H. H. Gilkyson,* for appellee. —A codicil which does not contain an expressed clause of revocation will be held to revoke a prior will or codicil only so far as it is inconsistent with it and as may be necessary to give due effect to its provisions: Alsop's App., 9 Pa. 374; Wikoff's App., 15 Pa. 281; Rose v. Jessup, 19 Pa. 280; Lewis's App., 108 Pa. 133; Hunt's Est., 133 Pa. 260; Padelford's Est., 190 Pa. 35; Murray v. Lowrie, 208 Pa. 1; Whelen's Est., 175 Pa. 23; Sunderland's Est., 203 Pa. 155; Sigel's Est., 213 Pa. 14.

Testator's widow did not take a fee: Tyson's Est., 191 Pa. 218.

If testator gives an absolute interest either in lands or personalty and afterwards unequivocally shows that he means the donee to take a less estate, the prior gift will be so restricted: Sheets' Est., 52 Pa. 257; Pinkerton's Est., 193 Pa. 275; Kreb's App., 184 Pa. 222; Seigworth's Est., 61 Pa. Superior Ct. 235; Gruber's Est., 27 Pa. Dist. R. 474; Bentley v. Kauffman, 86 Pa. 99.

OPINION OF MR. JUSTICE WALLING, January 31, 1927:

On September 16, 1904, David R. Baugh, of Chester County, made his will wherein, after providing for payment of his debts and funeral expenses, he says: "All

the rest, residue and remainder of my estate, I give, devise and bequeath to my faithful wife, Maria J. Baugh, she to have the whole income thereof during her life, and at the death of my said wife, I order and direct my executor, hereinafter named, to sell all my real and personal property not disposed of either at public or private sale, and with the proceeds arising therefrom I direct as follows": The will then gives legacies to a number of his relatives and contains a residuary clause in favor of other relatives, also names an executor and indicates careful preparation throughout. Approximately a month later (October 20, 1904) he made a codicil referring to the will and providing: "I direct that my wife, Maria J. Baugh shall have the right to do as she may choose with my estate as devised to her in my said last will and testament." Mr. Baugh died in 1908, the will and codicil were duly probated and the executor qualified. The widow lived until 1924, was paid the income from the estate and claimed nothing more; the corpus amounted to about $15,000, after payment of debts. Mrs. Baugh made a will by which she undertook to dispose of her husband's entire estate, to and among her relatives, claiming the right to do so by virtue of his will and codicil above mentioned. A final account was filed for his executor and the auditor, appointed to make distribution of the balance, reported that the widow had a life estate only and that the fund should be distributed according to the will of Mr. Baugh. From the confirmation of this report by the orphans' court the widow's legal representatives brought this appeal.

We agree with the adjudication. That the original will gave the widow but a life estate is too clear to require discussion, and the codicil gives her the right to do as she may choose, not with his estate in general, but with his estate as devised to her in his last will and testament, and that was but a life estate. True, there is a presumption that a codicil is intended to make a

change in the will (Houser v. Houser, 268 Pa. 401; Line's Estate, 221 Pa. 374), but the two must be construed together and the codicil will not disturb the disposition of the original will further than is absolutely necessary for the purpose of giving it effect: Vernier's Estate, 282 Pa. 194; Schattenberg's Estate, 269 Pa. 90, 93, and cases cited; see also 40 Cyc. 1182, 1183. If by the codicil it was intended to give the entire estate to the wife, why did he say, as devised to her in the will? Certainly when he drew the will making full and thoughtful provisions for those of his own blood he was not mocking them. If he intended to cut out their legacies, why did he not make a new will? A codicil may be for the purpose of change or of republication or to amplify some provision of the will. It was very likely for the latter purpose here, to emphasize the wife's dominion over the income, so she would feel free to expend it for whatever she desired, for necessities, luxuries, or charity. We cannot conceive that by the one short sentence he intended to strike down all he had so thoughtfully constructed in the will but a month before. True, as construed, the codicil does not change the legal effect of the will, but it is not necessary that it should do so. It seems entirely possible here to construe both the will and codicil without destroying either and if so it should be done. "The clearly expressed purpose of a testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly announced main intention": Sheetz' Appeal, 82 Pa. 213. It is a sound rule of construction that, "A codicil should not be held to interfere with any of the specific provisions of a will, unless its language naturally and obviously produce such result, or the terms of the codicil expressly recognize the alteration": Reichard's App., 116 Pa. 232. As stated by Judge PENROSE, in Whelen's Est., 175 Pa. 23: "It is

the established rule, 1 Jarman on Wills, 160, not to disturb the disposition of the will further than is absolutely necessary for the purpose of giving effect to the codicil," which should if possible be so construed as to uphold all the provisions of the will: Sigel's Estate (No. 1), 213 Pa. 14. There is no inflexible rule that a codicil must be so construed as to change the will; it may be merely the repetition of a provision or provisions therein, and if the language, as here, naturally leads to that conclusion, it should be so treated.

Decree affirmed and appeal dismissed at cost of appellants.