## Chauncey's Estate.

Argued January 18, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Theodore Voorhees,* with him *Louis M. Childs, II,* and *Barnes, Biddle & Myers,* for appellants.

*Harry Fischer,* of *Illoway & Fischer* and *Henry I. Fox,* for appellee.

OPINION BY MR. JUSTICE BARNES, April 24, 1939:

The question before us on this appeal is to determine the amount of an annuity created under the will of Agnes C. Chauncey, who died on April 13, 1928. The will is dated June 21, 1920. Testatrix added thereto five codicils, only one of which has a bearing upon the present question. She gave her residuary estate in trust

to pay specific annuities to various members of her family and designated friends.

One of these annuities was created for the sister of testatrix, Frances Biddle, by a provision of the will which directed her trustees to make payment of "the sum of One Thousand Dollars per annum to my sister, Frances Biddle, for and during her life and after her death a like amount of One Thousand Dollars per annum to her son, Moncure Biddle, during his life." · In the third codicil, which is dated January 25, 1927, testatrix provided: "I increase the annuity payable by my trustees to my sister, Frances Biddle, so that she shall receive the sum of Three thousand (3,000) Dollars per annum during her life." The annuity in the increased amount was paid to Frances Biddle until her death on March 28, 1937.

When the account of the trustees was called for audit in the court below, there arose the present question of the amount of the annuity to which Moncure Biddle was entitled. The auditing judge awarded to him the sum of $3,000 per annum, but it was contended by several of the residuary legatees that his annuity should be in the amount of $1,000 as fixed by the terms of the will, since the codicil increasing the annuity referred solely to the one given to his mother. Exceptions to the adjudication were dismissed by the court below; whereupon this appeal was taken by a residuary legatee.

On behalf of Moncure Biddle it is earnestly contended that the will and codicil should be construed together as manifesting an intention of testatrix that the full amount of the annuity bequeathed to his mother should pass to him upon her death; that when she directed in the will that the annuity for his benefit should be "a like amount" as that given to his mother, it was her intention that the one should be measured by the other, and both be in the same sum. This was the conclusion reached by the court below.

We are unable to agree with this interpretation of the two testamentary provisions in question. Our examination of them fails to disclose any intention whatsoever on the part of testatrix to enlarge or change the annuity created for Moncure Biddle. It seems to us that her failure to include his name in the item of the codicil increasing the amount of the annuity is strongly indicative of the purpose on her part to increase the Frances Biddle annuity alone, and that the one for him should remain as provided in the will. Particularly is this true when it is considered that in the preceding paragraph *of the same codicil* there is a bequest to him of $15,000 in bonds of the City of Philadelphia. If testatrix had intended to change his annuity it is difficult to understand the omission of his name at a time when the matter apparently was present in her mind. It clearly appears that he was intentionally excluded by testatrix in order that the larger amount specified in the codicil should be restricted to the annuity in favor of his mother.

The established rule is that a codicil shall not be construed to disturb or change the dispositions of a will further than is necessary to give effect to the provisions of the codicil. As we said in *Dutton's Estate,* 301 Pa. 94, 97: "The will and codicil must be construed together as one instrument . . .; and the latter revokes the former only so far as repugnant thereto . . ., or inconsistent therewith . . . A codicil is rather an addition to than a revocation of the will . . . 'The clear provisions of a will are only affected by a codicil to the extent absolutely necessary to give effect to the codicil.' " See *Reichard's Appeal,* 116 Pa. 232; *Schattenberg's Estate,* 269 Pa. 90; *Vernier's Estate,* 282 Pa. 194; *Baugh's Estate,* 288 Pa. 308; *Rainear's Estate,* 304 Pa. 539; *Frechie's Estate,* 62 Pa. Superior Ct. 48.

Applying these principles to the present case, the construction which we favor gives full effect to the provisions of the codicil, yet changes the will only to the ex-

tent thereby made necessary. To increase the annual payments to Frances Biddle from $1,000 to $3,000, as provided in the codicil, and to continue the annuity of $1,000 to which Moncure Biddle succeeds upon the death of his mother, as provided in the will, result in no inconsistency in the terms of these instruments, nor does the occurrence of the phrase "a like amount" in the original will automatically increase the annuity payable to Moncure Biddle in the absence of an express provision in the codicil to such effect.

In reaching our conclusion we have carefully examined all the provisions of the will and its five codicils, and find no general testamentary scheme which, as annuitant asserts, requires the construction for which he contends.

The decree of the court below is reversed, and the record is remitted for the entry of a decree in accordance with this opinion. Costs to be paid by the estate.