## Moore Estate.

Argued April 22, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Wm. E. Lingelbach, Jr.,* with him *John N. Schaeffer, Jr.,* and *Morgan, Lewis & Bockius,* for appellant.

*Robert F. Irwin, Jr.,* with him *John B. Gest,* of *Donahue, Irwin & Gest,* for Edward J. Moore, 2nd, appellee.

*Cuthbert H. Latta, Jr.*, trustee ad litem, appellee.

OPINION BY MR. JUSTICE LINN, May 10, 1943:

Appellant hospital complains of the refusal to award a legacy claimed under a codicil. The claim was presented at the audit of the trustees' first account. Payment was refused on the ground that the gift was subject to a contingency contained in the will and that the contingency had not yet happened.

Testator died January 14, 1927, leaving a will dated June 27, 1924, and a codicil dated May 4, 1926. He was survived by a widow, a daughter-in-law, and by a grandson, Edward J. Moore, 2nd; the grandson's age is not stated, but apparently he was quite young when the will and codicil were made; at the time of the adjudication he was unmarried, without issue, and less than 25 years of age. The widow died December 20, 1940, and this account was filed in consequence of her death.

The codicil provides: "Whereas, by the Fifth paragraph of my Will I have directed that after the death of my wife, and the death of my grandson without leaving lawful issue surviving, the sum of One hundred thousand Dollars shall be paid to the Germantown Dispensary and Hospital, located in Germantown, Philadelphia, to be added to its Endowment Fund, I now will and direct that an additional sum of One hundred thousand Dollars shall be paid over, assigned and conveyed by my Trustees to the said Germantown Dispensary and Hospital after the death of my wife to be known as the 'Emily Wynne Moore Memorial Fund,' and I further will and direct that the said payment shall be free and clear of and from all taxes, Federal or State, which shall be paid out of my residuary estate.

"In all other respects I hereby confirm my said Will."

Appellant contends that the death of the widow requires immediate compliance with the direction to pay "after the death of my wife." The grandson and the trustee ad litem object on the ground that the will and

codicil, read together, show that the gift was contingent not only on the death of his wife but also on the death of the grandson before he reaches the age of 35 "without leaving lawful issue surviving."

The trust was created in the Fourth and Fifth paragraphs of the will, and was a trust of the residue to pay the net income quarterly to his wife for life, and ". . . upon the death of my said wife to pay said net income . . ." annually to various named persons in specified amounts, inter alia, to his daughter-in-law ". . . so long as she shall remain the widow of my son, Edward W. Moore, an annuity . . ." of $2,400 per annum.[1] In the Fourth paragraph he provided: "(h) To my grand-son, Edward J. Moore, 2nd, the balance of said net income (including the foregoing annuities upon the death of the respective annuitants) in quarterly payments until he attains the age of thirty-five years, subject, however, to the payment to him of the principal of said Trust Estate as hereinafter provided." The disposition "hereinafter provided" appears in the Fifth paragraph clause (a). "FIFTH: (a) I will and direct that upon the death of my wife and subject to the reservation of an amount sufficient to pay the aforesaid annuities during the life of the respective annuitants, the principal of my said residuary trust estate shall be paid over, assigned and conveyed by my Trustees to my said grand-son, Edward J. Moore, 2nd, as follows:—One-third thereof upon his attaining the age of twenty-five years; one-third thereof upon his attaining the age of thirty years and the remaining one-third thereof upon his attaining the age of thirty-five years."

In the fifth paragraph, clause (b), he provided that if the grandson died before attaining any of the specified

---

[1] The adjudication states: "All of said gifts of annual sums are ineffective, except that of the daughter-in-law who is entitled to $2400 per annum, payable monthly, in that the named beneficiaries either predeceased testator's widow or were not in her employ at the time of her death."

ages, leaving issue, the issue should take "subject to the payment of the aforesaid annuities;" ". . . but should my said grand-son die before attaining any of the ages aforesaid, without leaving lawful issue surviving, then and in such event (subject as aforesaid) the principal of my residuary trust estate then held hereunder shall be paid over, assigned and conveyed by my Trustees as follows:—The sum of One hundred thousand Dollars ($100,000.) thereof to the Germantown Dispensary and Hospital located in Germantown, Philadelphia, to be added to its Endowment Fund; . . ." Then followed gifts of specified sums to collateral relatives.

The fifth paragraph, clause (c), provided: "It is my intention and I so direct that in any distribution of the principal of my residuary trust estate to my said grand-son or his issue there shall always be retained by my Trustees an amount sufficient to pay the annuities bequeathed in the preceding article of this my Will, during the life of the respective annuitants. . . . It is further my intention and I do direct that no distribution of the principal of my residuary trust estate shall be made during the life time of my wife and that she shall receive the entire net income thereof during her life even should my said grand-son die in her life time leaving or not leaving lawful issue him surviving."

The account showed a balance of principal carried at $448,185.63 but in the report of the trustee ad litem made to the court below, it is stated that "the present value of the corpus of the trust is approximately $180,000." This trustee also called attention to the fact that if the hospital now received $100,000, there would be approximately only $80,000 left in the trust which, after being reduced by the tax, might not be sufficient at present rates of income to make the payment of $2,400 per annum to testator's daughter-in-law.

The only question on this appeal is whether testator's will shows that the hospital is now entitled to receive the $100,000 specified in the codicil or whether payment

is subject to the contingencies applicable to the original gift contained in the will.

The case on behalf of the hospital was very fully presented by counsel but we have no doubt whatever that the conclusion reached by the learned court below was correct. Testator's dominant or primary purpose was to give the income to his wife for life, then to the persons he described as annuitants (of whom only his daughter-in-law survives) and his grandson who, after the life interests and subject to them, was also to receive the principal by the time he became 35, his issue, if any, taking if he died before 35. To avoid partial intestacy, it was necessary to make an alternative gift of principal to become effective if the grandson died before 35 without surviving issue. If he becomes 35, he receives the entire principal and the alternative beneficiaries take nothing. Among the alternative beneficiaries is the appellant, who, if the primary plan fails, will, by the fifth paragraph, clause (b), receive $100,000 for its Endowment Fund. The codicil merely modified part of the trust. The application of well settled rules will not permit the court to conclude that, by what he said, he intended, on the death of the wife, to terminate the trust and require redistribution of principal.

In *Rainear's Est.*, 304 Pa. 539, 543, 156 A. 166, it was said: "It is a well established rule of testamentary interpretation that a will and codicil must be construed together and that a codicil shall disturb the dispositions of the original will only where its provisions are plainly inconsistent with the will: Vernier's Est., 282 Pa. 194, 198; Warne's Est., 302 Pa. 386, 394. If, however, the codicil is subject to two interpretations, one of which follows the main purpose as expressed in the will and the other is not consistent with it, the consistent interpretation will be adopted, because, generally speaking, there is no presumption that a codicil is intended to change a will: Bissell's Est., 302 Pa. 27, 32. 'The clearly expressed purpose of a testator is not to be overborne by

modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly announced main intention. . . . It is a sound rule of construction that "A codicil should not be held to interfere with any of the specific provisions of a will, unless its language naturally and obviously produce such result, or the terms of the codicil expressly recognize the alteration" ': Baugh's Est., 288 Pa. 308, 311, and cases there cited." See also, *Chauncey's Est.,* 335 Pa. 73, 76, 5 A. 2d 795.

On behalf of the hospital it is said that the only limitation is that the legacy shall be paid "after the death of my wife," that "after" shall be read "upon," that, as the brief says, "he intended the gift to be payable upon the death of his wife without further contingency." To reach that result it is necessary to say that the codicil is ambiguous; "after" is sometimes used in the limited sense of "upon" but in this codicil the general meaning of "after" more fully accords with the dominant purpose expressed in the will. In any view, resort must be had to the context which necessarily includes the will, to see which of two possible meanings was intended. When the context is examined, the hospital's argument breaks down. The codicil operates on the trust of the residue; it is in this trust that the testator made the alternative provision (in which the hospital may share) to be substituted if his dominant intention be frustrated by the death of his grandson without issue before becoming 35 years old.

Appellant also contrasts the words at the beginning of the codicil "that after the death of my wife and the death of my surviving grandson without leaving lawful issue surviving" with the direction to pay the additional sum to the hospital "after the death of my wife . . ." and the omission to repeat the words after "the death of my surviving grandson" etc., as indicating an intention to change the contingency on which the hospital

should take the "additional sum" from the contingency on which it should take the first $100,000. But this argument must be rejected. The codicil does not accurately state the conditions on which the grandson was to take. As appears from the quotation of the Fifth paragraph, clause (a), made above, the testator said that if the grandson lived to be 35 years old he should receive the whole principal in which event the substituted beneficiaries would receive nothing whether the grandson died afterward without issue or not. The scrivener of the codicil by the two references to the fifth paragraph was obviously merely identifying the substitutionary disposition of the principal of the residuary trust for purposes of modification by the codicil and was not attempting, by such references, to alter the dominant disposition. This argument as well as that based on the substitution of "upon" for "after" shows the ambiguity and the uncertainty on which appellant must rely to support its contention and which prevent its adoption as the cases cited above in *Rainear's Est.* show. But appellant's position becomes weaker still when the words "additional sum" etc., are considered. The scrivener is assumed to have been familiar with the legal effect of the words used. In *Phillips's Estate,* 1 Dist. R. 311, it appeared that after giving a nephew a share of her residuary estate in her will, the testatrix, by codicil, subjected it to spendthrift trust provisions; by a later codicil she gave her nephew "the interest of $6,000 in addition to the amount left to him in my will to be paid to him monthly." It was held that the gift in the second codicil was subject to the spendthrift trust for the original share. Judge PENROSE said: "The case falls directly within the reason of the rule as stated in *Johnson* v. *Lord Harrowby,* Johns. 427,[2] (Hawkins on Wills, 306):

---

[2] Johnson's Reports, reprinted in 70 Eng. Rep. at page 488; on appeal *Johnston* v. *Earl of Harrowby,* 1 DeG. F. & J., 45 Eng. Rep. 328.

'Where a legacy is given expressly in addition to, or in substitution for one previously given, it is subject to the same incidents and conditions as attach to the original legacy; the ground being that it is assumed that where such words as "in lieu of" or "in addition to" are used, the will is intended to stand *mutatis mutandis,* merely adding or substituting another amount.' "

In *Croxton's Estate,* 289 Pa. 433, 127 A. 608, in provision (d), in disposing of residue, a gift was made to the Toledo Hospital "free and clear of all inheritance tax . . ."; in a subsequent provision, (f), the hospital was given "an additional bequest all of the balance of said proceeds if there be any up to but not exceeding the sum of $50,000." The question was whether the Pennsylvania collateral inheritance tax on the $50,000 gift must be deducted from the principal of the gift before payment to the hospital. It was held that the gift was tax free because it was "well settled that additional legacies are prima facie subject to the same incidents and conditions as the original legacy."

Appellant also contends that as the first $100,000 was for its endowment fund and the additional $100,000 for the Emily Wynne Memorial Fund, the gifts were to the hospital in different capacities and thus made inapplicable the general presumption with respect to additional legacies. We think neither that distinction nor the one sought to be drawn because one gift is free from tax and the other is not, can be controlling. The objection to all of appellant's contentions is that the codicil was obviously intended to dispose of part of the principal if the grandson died before 35 without surviving issue, and that he intended the additional gift to affect only the scheme of distribution which he had substituted to be effective on the failure stated.

Decree affirmed, costs to be paid out of principal.