## Boyer Estate.

Argued January 14, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*William F. Fox*, with him *Fox, Differ and Honeyman*, for appellants.

*Paul P. Wisler*, with him *Wisler, Pearlstine, Talone & Gerber* and *George A. Butler*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, February 13, 1953:

The single question presented by this appeal is whether a pecuniary legacy in a codicil is cumulative or substitutionary. The court below ruled that the legacy is cumulative, and from that ruling the appeal is taken.

The professionally drawn will of Annie G. Boyer, the testatrix, had its thirty-four items respectively indicated by Roman numerals. Probated with this will is the holographic codicil consisting of five items which testatrix also indicated by Roman numerals. They were respectively numbered I, IV, IX, XIX and XXVI. Similarly numbered items appear in the will. Except where otherwise indicated to the contrary, the question of testamentary construction is whether or not testatrix intended to revoke certain items in the will and substitute therefor the *similarly numbered* items of the codicil. Thus, item I of the *will* bequeaths "my diamond bar pin and ring to my sister, Jennie Curren, absolutely. All the rest of my jewelry, clothing and personal effects, I give and bequeath to my husband, J. Frank Boyer, absolutely." Item I of the *codicil* gives her "diamond pin-wrist watch and ring" to her sister. The dispositive item of the codicil is silent concerning the gift of the rest of the jewelry, clothing and personal effects to her husband. Apparently the parties considered that such bequest to the husband in the will was not revoked by the codicil because the delivery thereof to the husband is noted in the petition for adjudication.

Item IV of the will is *revoked* by item IV of the codicil. Testatrix *expressly states that this gift in the codicil is in substitution for that in the will*. In the codicil she wrote "Valid" after enumerated articles IX and XIX. The corresponding numbers in the will are

(IX) gift of $500 to a named cousin and (XIX) gift of $1,000 to a named church.

In the *will* the following items appear: "ITEM V. I give and bequeath to my dear friend, Teresa M. O'Neill, the sum of One Thousand Dollars, absolutely."

By item XII the residuary estate was placed in trust to pay the income to testatrix's husband for life and upon his decease to pay the corpus as therein provided. The husband was named as executor. He filed his account, and all legacies then payable were duly paid. The husband, life tenant, died February 4, 1950. The succeeding executor filed its account.

The will provides, upon the decease of the husband: "Item XXVI I give and bequeath to Teresa O'Neill the sum of Five Thousand Dollars, absolutely, this to be in addition to the bequest hereinbefore mentioned of One Thousand Dollars."

The *codicil* provides: "Item XXVI I give and bequeath the sum of Two Thousand Dollars absolutely to Teresa O'Neill in addition to request (sic) of $1000. previously mentioned."

Two nephews, entitled to the residue, are the appellants. They maintain that because in the *codicil* the item numbered XXVI bears the same Roman numerals as the item of the will, this circumstance discloses the unequivocal intent of testatrix to substitute the $2,000 legacy in place of the $5,000 legacy given in the will, i.e., that the similar numbering of the paragraphs of the *codicil* is an indication that testatrix intended these paragraphs to be substituted for like numbered paragraphs of the will.

There is little which can be profitably added to what the learned auditing judge said in his adjudication when ruling that the testamentary provision was cumulative and not substitutionary.

We agree that there is nothing said in item XXVI of the codicil which unequivocally indicates the intent of testatrix to *revoke* the item in the will and substitute the provision of the codicil. When she did so intend, item IV of the codicil discloses she knew exactly how to make such a substitution, because she said in such item that it *"takes the place* of Item IV [of the will]". It further appears that in the will testatrix demonstrated by item XXVI that she knew how to increase the previous gift in the will under item V, as she said in item XXVI that the $5,000 gift was "to be *in addition* to the bequest of one thousand dollars [in item V]". With such indication of intent so demonstrated, it is most unlikely that the testatrix by item XXVI of the codicil in bequeathing $2,000 *in addition* to the bequest of $1,000, intended thereby to *revoke* the legacy of $5,000 in the *will* and *substitute* the $2,000 gift contained in this item of the codicil. We agree with the court below that if such was her intent in fact, it was not expressed with sufficient accuracy to make it effective.

A codicil and a will must be construed together as one instrument. The codicil disturbs the disposition of the will only when *plainly* inconsistent with the will: *Rainear's Estate,* 304 Pa. 539, 156 A. 166; *Chauncey's Estate,* 335 Pa. 73, 5 A. 2d 795; *Moore Estate,* 347 Pa. 276, 32 A. 2d 12; *Braun Estate,* 358 Pa. 271, 56 A. 2d 201. While a later will is essentially a revocation, a codicil is a *confirmation* except as to express alterations. In the case of a codicil no *revocation* of the will is presumed. The terms of a codicil indicate an *addition*: *Sigel's Estate (No. 1),* 213 Pa. 14, 62 A. 175; *Warne's Estate,* 302 Pa. 386, 153 A. 688; *Wright's Estate,* 68 Pa. Superior Ct. 177. As the purpose of a codicil ordinarily is merely to modify or add to and not revoke, a codicil changes the will only to the ex-

tent it is inconsistent with it: *Estate of Edward S. Whelen,* 175 Pa. 23, 34 A. 329; *Schattenberg's Estate,* 269 Pa. 90, 112 A. 67. If any specific change in the will is made by the codicil, it negatives by implication an intention to make *any other* changes in the provisions of the will: *Line's Estate,* 221 Pa. 374, 70 A. 791.

We agree with the auditing judge that there is no clearly expressed or necessarily implied intention to revoke the gift of $5,000 in item XXVI of the will, and therefore the $2,000 bequest in item XXVI of the codicil is cumulative and not substitutionary.

Decree affirmed at cost of appellants.