## Josephs Estate

*Jerome Bennett*, for accountants.

*Louis J. Carter*, for remainderman.

*Jerome Lipman*, for guardian and trustee ad litem.

KLEIN, P. J., December 3, 1956.—By deed of trust bearing date August 15, 1934, a copy of which, certified by counsel to be a true and correct copy, is annexed hereto. Jean Josephs transferred to Ruth Josephs, his wife, and Jerome Bennett, as trustees, four policies of insurance, totaling $55,000, which he was carrying upon his life.

The deed provides, inter alia:

"SECOND: Trustees shall collect the income from the investments made as hereinabove provided for, and shall pay over and distribute the entire net income therefrom, periodically but not less frequently than quarterly, unto Ruth Josephs, wife of the party of the first part, for and during the term of the natural life of the said Ruth Josephs and so long as she shall remain a widow, with authority in Trustees to pay unto the said Ruth Josephs, out of the corpus or principal of the Trust hereby created, so much hereof, from time to time, as she may request or Trustees shall deem necessary and proper to provide adequately for her comforts and needs, the comfort, education, maintenance and support of the children of the party of the first part, the expenses of any illness of the said Ruth Josephs or of the children of the party of the first part, or for such other special purposes which to Trustees shall seem right and proper, and for the best interest of the said Ruth Josephs, not, however, exceeding the sum of Two Thousand Dollars ($2000.00) from such corpus or principal in any one calendar year.

"THIRD: Upon the death of the said Ruth Josephs or her remarriage, whichever shall first occur, Trustees shall pay over and distribute the net income from the Trust hereby created, equally, share and share alike, unto the children of the party of the first part, except as hereinafter qualified, until the attainment by such children respectively of the full age of thirty-

five years, the income of any minor distributee hereunder shall be applied by Trustees directly for the comfort, education, maintenance and support during minority of any such beneficiary, with authority in Trustees to pay over, out of the corpus or principal of the Trust hereby created to each of the distributees the sum of Five Thousand Dollars ($5000.00) upon their respectively attaining the age of twenty-five years, and an additional sum of Five Thousand Dollars ($5000.00) upon their respectively attaining the age of thirty years.

"FOURTH: Upon the death of the said Ruth Josephs and upon the attainment of each of the children of the party of the first part respectively of the full age of thirty-five years, Trustees shall pay over and distribute unto such child so attaining the full age of thirty-five years that part of the corpus or principal of the Trust hereby created from which such child was theretofore entitled to the income, free and clear of any and all Trusts under this agreement, and in the event that any child shall die prior to the attainment of the full age of thirty-five years, leaving issue him or her surviving, then and in that event upon the death of such child leaving issue him or her surviving, Trustees shall pay over and distribute such deceased child's share of the corpus or principal of the Trust hereby created unto the issue of such deceased child per stirpes and not per capita.

"FIFTH: In the event of the death of any of the children of the party of the first part prior to the attainment by such child of the full age of thirty-five years, without issue such child surviving, then and in that event Trustees shall add the share of the one so dying without issue, equally, unto the shares of the other children of the party of the first part, as if originally a part of such shares."

Settlor reserved the right to revoke the instrument in whole or in part, and by instrument, bearing date July 31, 1939, did revoke paragraphs first, second and third of the deed. Substituted paragraph first is not material to the issue presented for determination. The following two paragraphs were substituted for the second and third paragraphs of the original deed:

"SECOND: Trustees shall collect the income from the investments made as hereinabove provided for, and shall pay over and distribute the entire net income therefrom, periodically, but not less frequently than quarterly, unto Ruth Josephs, wife of the party of the first part, for and during the term of the natural life of the said Ruth Josephs and so long as she shall remain a widow, with authority in Trustees to pay unto the said Ruth Josephs, out of the corpus or principal of the Trust hereby created, so much hereof, from time to time, as Trustees shall deem necessary and proper to provide adequately for her comforts and needs, the comfort, education, maintenance and support of the children of the party of the first part, the expenses of any illness of the said Ruth Josephs or of the children of the party of the first part, or for such other special purposes which to Trustees shall seem right and proper.

"THIRD: Upon the remarriage of the said RUTH JOSEPHS, Trustees shall divide the net income from the Trust hereby created into three equal parts. The Trustees shall pay over and distribute one of said three equal parts to the said RUTH JOSEPHS for and during the term of her natural life and the other two equal parts shall be paid share and share alike unto the children of the party of the first part until the attainment by such children respectively of the full age of thirty-five years. Upon the death of the said RUTH JOSEPHS, Trustees shall pay over and distribute the

net income from the Trust hereby created equally share and share alike unto the children of the party of the first part until the attainment by such children respectively of the full age of thirty-five years. Trustees shall apply the income of any minor distributees hereunder directly for the comfort, education, maintenance and support of such beneficiary during minority."

Settlor died February 4, 1941, whereupon the trustees, in the performance of their duties, received $55,092,70, proceeds of the policies, which they duly and properly invested. Ruth Josephs remarried on April 22, 1946, and is now known as Ruth B. Setron. Her second husband has since died and she is now unmarried.

Settlor was survived by three children, a daughter, Janet Wilson, and two sons, Jean Josephs, Jr., and Jay Josephs, all of whom are living and of full age. The daughter attained the age of 35 on March 13, 1956. She contends that having reached the age of 35, she is entitled to the share of the principal, upon which she had been receiving the income, i.e., one-third of two-thirds, or two-ninths.

By decree dated September 24, 1956, Jerome Lipman, Esq., was appointed guardian ad litem for minor children of settlor's children, and trustee ad litem for the unborn issue of settlor's children, and Mr. Lipman, on behalf of the interests which he represents, resists the daughter's request for payment out of principal and takes the position that no distribution from corpus can be made at this time.

A careful reading of the trust instrument and amendment thereto reveals that while settlor has provided for the distribution of corpus upon the death of his wife and the attainment of the age of 35 years by a child, he has completely failed to provide for the

contingency which has actually occurred, namely, the remarriage of his wife and the arrival of a child at the age of 35 in the wife's lifetime.

Before we attempt to analyze the writings before us for construction, let us refer to some of the basic rules of interpretation as defined by our courts.

"No rule regarding wills is more settled than the great General Rule that the testator's intent, if it is not unlawful, must prevail! This is the reason why so many cases continually proclaim that the pole star in the construction of every will is the testator's intent": Cannistra Estate, 384 Pa. 605 (1956). In order to ascertain intent we must study the entire writing and construe it from its four corners: MacMackin Estate, 356 Pa. 189 (1947); March Estate, 357 Pa. 216 (1947); Siple v. Greumelli, 357 Pa. 237 (1947); Mulert Estate, 360 Pa. 356 (1948). "A codicil and a will must be construed together as one instrument. The codicil disturbs the disposition of the will only when *plainly* inconsistent with the will: Rainear's Estate, 304 Pa. 539, 156 A. 166; Chauncey's Estate, 335 Pa. 73, 5 A. 2d 795; Moore Estate, 347 Pa. 276, 32 A. 2d 12; Braun Estate, 358 Pa. 271, 56 A. 2d 201": Boyer Estate, 372 Pa. 553, 556 (1953).

In Goodell's Estate, 53 D. & C. 13 (1945), in construing an inter vivos trust which had been twice amended by subsequent writings, the present auditing judge said, at page 21:

"The present case, in my opinion, is no different from the general run of cases in probate courts involving questions of construction. In construing any instrument the guiding principle in all cases is the expressed intention of the testator or the creator of the trust: Scott's Trust, 322 Pa. 1 (1936). In order to ascertain this intention the will or deed of trust must be studied as an entirety from its four corners." See

also Wolters Estate, 359 Pa. 520, 525 (1948); Leff-mann Trust, 378 Pa. 128, 132 (1954).

In the instant case a study of settlor's dispository plan clearly indicates that settlor was not primarily concerned with preserving the corpus of the trust estate, until his children died, for the benefit of the succeeding generation.

In paragraph second of the original deed he directed his trustees to pay to his wife, "out of corpus or principal of the Trust" a sum not exceeding $2,000 in any one calendar year "to provide adequately for her (the wife's) comforts and needs, the comfort, education, maintenance and support of the children of the party of the first part (the settlor), the expenses of any illness of the said Ruth Josephs or of the children of the party of the first part, or for such other special purposes which to Trustees shall seem right and proper, and for the best interest of the said Ruth Josephs. . . ."

In the third paragraph of the original deed, he authorized his trustees upon the death or remarriage of the wife to pay each child out of corpus the sum of $5,000 "upon their respectively attaining the age of twenty-five years, and an additional sum of Five Thousand ($5,000) Dollars upon their respectively attaining the age of thirty years."

This basic idea that principal was to be used for the benefit of settlor's family during the continuance of the trust was reaffirmed in the amendatory writing. In the new paragraph second, he removed the limitation upon the invasion of principal by the trustees for the benefit of his wife and children in the sum of $2,000 a year and conferred upon them the unrestricted right to use all or any part of the principal for this purpose.

It is therefore quite apparent that settlor contemplated a distribution of all or, at least, a substantial part of the principal of the trust during the lifetime

of his wife and three children. Any contention that he intended to preserve the corpus intact for the benefit of his grandchildren is therefore without support.

The third paragraph of the amendment directs the trustees upon the remarriage of the wife to reduce the payment of income to the wife from the entire income to a one-third share and to pay the balance of two-thirds of the income and upon the wife's death all of the income in equal shares to the three children until they become 35 years of age. Nothing is said in this paragraph concerning the disposition of income or principal after the attainment of 35 by the children.

The fourth paragraph of the original instrument is the only one which deals with the distribution of the corpus of the trust. This paragraph provides that upon the death of the said Ruth Josephs and upon attainment by each of the children of the age of 35 years, the trustees shall pay over and distribute to such child "that part of the corpus or principal of the trust hereby created from which such child was theretofore entitled to the income, free and clear of any and all Trusts under this agreement". It provides, further, that if a child should die before reaching the age of 35, the share of such child should be paid to his or her issue. This paragraph deals only with situations which might arise upon the death of settlor's wife. It is completely silent with respect to the situation which has actually occurred: The remarriage, but not the death, of the wife and the attainment of the age of 35 by one of the children.

No provision has been made anywhere by settlor with respect to the distribution of the daughter's share of either principal or income under the existing factual situation. The payment of income to Janet Wilson ceases and unless we conclude that she is entitled to distribution of the principal, as she requests, there

is a resulting failure to dispose of the income which she had formerly enjoyed. This is tantamount to an intestacy in a decedent's estate and is a result to be avoided if reasonably possible. See Walker's Estate, 376 Pa. 16 (1954).

Mr. Carter, on behalf of Janet Wilson, properly places great reliance on Sowers Estate, 383 Pa. 566 (1956), which is analogous to the present case in many respects. In that case, Mr. Justice Bell said, at page 571:

". . . Can we say from the language and scheme of testator's will that the words 'death or' were clearly omitted by mistake in the following sub-paragraph of paragraph 5 of his will, viz: 'In Trust, in case of the (death or) re-marriage of my said wife, to pay over her said one-third part of such net income unto my children, John E. Sowers, Marmaduke Sowers, Catherine E. Sowers and my adopted daughter, Josephine R. Sowers, in equal shares, share and share alike, during their lifetime.' To hold otherwise would, we repeat, produce the absurd result that there would be an intestacy as to one-third of the principal so far as his children were concerned but no intestacy of principal if a child died before the death or re-marriage of his wife, in which event the trustees were directed to pay over to the lawful issue of such deceased child 'the full one-fourth part of one-third of said principal fund from which my said beloved wife was receiving the income. . . .'

Mr. Justice Bell then concludes, page 572:

"In this dilemma we are convinced that the testator's intention would best be fulfilled and the interest of Justice best be served by holding that the words 'death or' were omitted inadvertently and by mistake in the aforesaid sub-paragraph of his will. Such a construction ties in with and harmonizes all the other

paragraphs and provisions of testator's residuary estate trust *both as to income and principal.*"

In the present case, it seems clear, and we are justified in assuming, that testator intended to make a complete disposition of all of the principal and income of the trust estate. If we adopted a literal interpretation, we would be forced to hold, upon a child reaching the age of 35 years after the wife remarried, that the payment of income to such child ceases and further that such income remains undisposed of, suspended in what might be characterized as a state of limbo. This would be a strange and unnatural result.

Under these circumstances it would appear that settlor must have intended each of his children to receive the share of principal upon which he or she had been receiving the income upon attaining the age of 35, if, at that time, his wife was dead *or had remarried.* It seems to us that this is the only logical interpretation of settlor's over-all plan of distribution.

We are therefore constrained, as was the Supreme Court in Sowers Estate, supra, to assume that settlor, through inadvertance, failed to insert the words "or remarriage" in the first line of the fourth paragraph. We must construe that provision as if it read: "Fourth: Upon the death (or remarriage) of the said Ruth Josephs and the attainment of each of the children of the party of the first part respectively of the full age of thirty-five years, Trustees shall pay over and distribute to such child . . . that part of the corpus or principal . . . from which such child was theretofore entitled to the income. . . ."

This interpretation appears to best harmonize all of the provisions of the original deed and the amendment and, in addition to effecting a complete disposition of the entire estate, also produces a result which is fair and equitable.

The auditing judge is fortified in this conclusion by the fact that the two trustees have stated that they have no objection to the distribution of principal requested by the daughter, Janet Wilson. Since the trustees have the unqualified right to invade corpus in any amount for the benefit of the children for such "special purposes which to the Trustees shall seem right and proper" their acquiescence may be regarded as tantamount to an endorsement by them of this payment from corpus for the benefit of the daughter. . . .

The certificate of the official examiner as to the award to the accountants in trust will be produced to the auditing judge in accordance with the rule of court.

And now, December 13, 1956, the account is confirmed nisi.