## Braun's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

The facts appear from the following excerpt from the adjudication of

HUNTER, J., auditing judge.—Testator died January 15, 1946, leaving a will dated March 16, 1926, and a codicil thereto dated February 2, 1942. . . .

By his will, testator gave . . . $50,000 to his executors, in trust, for his adopted daughter, Mildred Braun, as hereinafter recited, and the residue of his estate to his wife, Otylia S. Braun. . . .

The codicil dated February 2, 1942, which appears to have been drawn informally by testator himself, contains the following provision:

"First: I hereby revoke the Trust Fund in favor of my Daughter Mildred, and substitute a lump sum of dollars in cash."

Mildred Braun, now Dietrich, was born August 6, 1910. She was adopted by testator (but not by his wife) by decree of Court of Common Pleas No. 1, of Philadelphia County, as of December term, 1915, no. 3293. When the will was drawn she was 15 years of age. She married on April 22, 1937, and at the date of the codicil was 31 years of age, and had two children. She is now over 35 years of age and, under the terms

of the trust as they appear in the will, would be entitled to the principal of her legacy absolutely.

Otylia S. Braun, testator's widow and residuary legatee, contends that the codicil is an absolute revocation of the legacy given by the will to Mildred Braun Dietrich, and that the gift of "blank" dollars in the codicil is void for uncertainty.

On the other hand, Mildred Braun Dietrich contends that the revocation is conditional upon the completion of the substituted provision and its going into effect, and the condition not having been fulfilled the revocation cannot be permitted to stand.

As was said by Judge Penrose in Lutz's Estate, 27 W. N. C. 403, 406:

"This is the doctrine of what the text books speak of as dependent relative revocations, the principle of which, as expressed by Lord Alvanley, in *Ex parte* Ilchester (7 Ves. 372), is that 'where a disposition is made, so as to have legal effect, and afterwards another, by which the former would be revoked, but the other substituted, and it is evident that the testator, though using the means of revocation, could not intend it for any other purpose than to give effect to another disposition, though, if it had been a mere revocation, it would have had effect, yet, the object being only to make way for another disposition, if the instrument cannot have that effect, it shall not be a revocation.' "

See also 1 Jarman on Wills (7th ed.) 135, 155.

An examination of the decisions shows that the doctrine of dependent relative revocation has not been adopted in its arbitrary form in this State: McClure's Estate, 309 Pa. 370; yet it has not been discarded entirely, and its application may be regarded as an open question.

It is definitely rejected in gifts to charity where the new gift fails, not because of a defect in the instrument itself, but because of the incapacity of legatee to take.

Where a last will revokes an earlier will, whether by express words or by inconsistency, the revocation is absolute though the new charitable gift fails because of testator's death within 30 days, or because (as under the old law) it was not attested by witnesses: Price v. Maxwell, 28 Pa. 23; McClure's Estate, supra, and cases therein cited.

The destruction of a will with the intent at some future time to make a new will, is, nevertheless, an absolute revocation: Emernecker's Estate, 218 Pa. 369.

Where testator makes a complete change of beneficiary his former intention no longer exists, and it may be assumed that in no event would he want that legatee to take: See Melville's Estate, 245 Pa. 318; McClure's Estate, supra.

The danger in the application of the doctrine, in the absence of some expression of intent, is that it cannot be known with any degree of assurance what would have been testator's desires with respect to the reinstatement of the old gift had he known the new gift was ineffective.

"*Perhaps* the intention to make the new disposition, induced the revocation of the old; and, *perhaps*, the new disposition was only the result of pre-determination to revoke the old. There is nothing to lead the mind with anything like logical certainty to the deduction that either was the result of the other, . . .": Price v. Maxwell, 28 Pa. 23, 39, supra.

The Pennsylvania cases where the doctrine has been accepted are few in number.

In Lutz's Estate, 27 W. N. C. 403, supra, testator by his will gave the entire income of his estate to his widow for life. By codicil he reduced the widow's income to $1,500 a year, and directed the application of the balance of the income to the payment of incumbrances, which direction violated the statute against accumulations. Held, the purpose for which the gift was cut down having failed, the original gift is not affected.

In Rudy v. Ulrich et al., 69 Pa. 177, a will dated 1869, which contained a clause of revocation of prior wills, had been set aside because of undue influence. Then an earlier will dated 1865 was offered for probate, against which it was contended that the clause in the will of 1869 was a revocation. This contention was dismissed for the important reason that the former verdict was against the will of 1869, including the clause of revocation, as an entirety. It was also ruled under the doctrine of dependent relative revocation, that testator had no intention of revoking the earlier will, except for the purpose of substituting the second in place thereof.

In Dixon's Appeal, 55 Pa. 424, a testator gave pecuniary legacies to his daughters. Sometime after the execution of the will, he altered the legacies without reëxecution and reduced them each $300. As a matter of law, the cancellation was valid without reëxecution, but the interlineation of the reduced amounts was void. The decision was that the alteration of part did not result in a revocation of the whole will, and there was no intestacy. The question of conditional revocation came into the case only inferentially, it being stated that the will was admitted to probate as originally written without reduction in the amounts of the legacies, because the residuary legatees did not object.

In my opinion a judicious application of the doctrine of dependent relative revocation is not forbidden by the authorities in Pennsylvania. Cases of pure conjecture upon ambiguous evidence of a testator's intent must be avoided. Nevertheless, in an exceptional case it should be possible to deduce from the will itself, and the surrounding circumstances, the preference of a testator. In this case the intended beneficiary in both will and codicil is the same, and the doubt arises only as to the subject-matter of the gift. Would testator prefer that the legatee receive the original gift or

nothing at all? She was an heir of testator and we cannot believe that he should desire her complete disinheritance.

This is not a case of two wills, but of a will and codicil. Where there are two wills there is a presumption of revocation, whereas a codicil is not a revocation except to the extent that it is inconsistent with the will.

The provision in this testator's codicil is in the form of a substitutional bequest. When a gift is made by codicil "in substitution for" or "in lieu of" a gift in the will, it is not technically a revocation, though testator calls it such. It is the same gift in another form and is subject to the same burdens and benefits: Sloan's Appeal, 168 Pa. 422; Moore Estate, 347 Pa. 276. The gift by the will should therefore stand unless it is effectively modified by the codicil.

In my opinion, the doctrine of dependent relative revocation should be applied to the instant case. The revocation spoken of by testator must be regarded as conditional upon the effectiveness of the substitutional provision.

I find that the legacy of $50,000 to Mildred Braun Dietrich was not revoked by the codicil and her claim is allowed in that amount. . . .

*Opinion sur exceptions*

*J. Harry Wagner, Jr.*, for exceptants.

*William C. Ferguson, Jr.*, and *George W. Strong*, contra.

SINKLER, J., June 27, 1947.—By the seventh paragraph of the will, a trust is created for the benefit of testator's adopted daughter, the principal to be paid her when she attained the age of 35 years. The first clause of a codicil, executed nearly 16 years after the will, is as follows:

"First. I hereby revoke the Trust Fund in favor of my Daughter Mildred, and substitute a lump sum of dollars in cash."

The learned auditing judge held that the legacy was not revoked by the codicil, and awarded to the adopted daughter the amount of the principal of the trust, she having attained the age of 35 years. His decision rests upon two grounds: First, that the doctrine of dependent relative revocation is applicable. Second, that the revocation is conditional upon the effectiveness of the substitutional provision. Since the amount is not specified, it was ineffective.

The adjudication contains a thorough review of the decisions of courts in this State and other legal authorities upon the subject of dependent relative revocation. We have only to add a quotation from the adjudication of Klein, J., in Stevenson's Estate, 48 D. & C. 140:

"This phrase is ambiguous and misleading and has given rise to much confusion in the law reports and text books."

Nevertheless, we are agreed that the adjudication is correct in holding that the doctrine "is not forbidden by the authorities in Pennsylvania," and that it "should be applied to the instant case." We are also agreed that the award to testator's adopted daughter was justified by the failure of the codicil to make an effective substitutional provision for her.

The adjudication recites that the codicil "appears to have been drawn informally by testator himself." There are two attesting witnesses to the codicil. The initial letters "R. N." follow the name of the first witness. These letters are an abbreviation of Registered Nurse. There is no evidence as to whether she was in attendance upon testator because of the condition of his health at the time the codicil was executed. Such may well have been the case, and he may have intended replacing the informal instrument drawn by himself with a formal one drawn by an attorney which would include the amount of the legacy to his adopted daughter.

The exceptions are dismissed and the adjudication is confirmed absolutely.